*J. M. Flagg*, for the appellants.

Nov. Term, 1858.

HARTER
v.
COMSTOCK.

---·—•◦•—·---

HARTER and Another *v.* COMSTOCK.

An offer to confess judgment must embrace costs.

APPEAL from the *Wabash* Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellants for a nuisance in maintaining a mill-dam, whereby the plaintiff's lands were overflown. The plaintiff recovered a verdict and judgment for 8 dollars, 75 cents.

*Friday,
January* 14, 1859.

After the verdict was returned, the defendants moved the Court for a judgment against the plaintiff for the costs in the case which had accrued subsequently to the 13th day of *February*, 1856, and proved to the satisfaction of the Court that, on that day, they served upon the plaintiff the following written offer to confess judgment, viz.:

"*John Comstock* v. *Joseph B. Harter* and *Jacob Harter.* In the *Wabash* Circuit Court, *February* term, 1856.

"To the Hon. *John Comstock*, plaintiff in the above entitled cause. The undersigned defendants hereby offer to allow you to take judgment against them in this action, for the sum of 15 dollars, 5 cents. Witness our hands, this 13th day of *February*, 1856. [Signed] *Joseph B. Harter, Jacob Harter.*"

The plaintiff did not accept the offer thus made, but afterwards went on to a trial of the cause.

The motion was overruled, and judgment for costs rendered for the plaintiff, on the ground that the written offer was silent as to costs. Exception was taken, reserving

this point, which presents the only question arising in the case.

It is provided by statute (2 R. S. p. 124, § 389), that "The defendant may, at any time before the trial, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum, or property, or to the effect, therein specified, with costs. If the plaintiff accept the offer in Court, in the presence of the defendant, or give notice of his acceptance in writing within five days, and before the trial, judgment shall be entered accordingly. If the offer is not accepted, or notice of acceptance be not given as above directed, the offer is to be deemed withdrawn, and shall not be given in evidence or commented on before the jury; and if the plaintiff fail to obtain a more favorable judgment, the defendant shall recover from the plaintiff the costs occasioned subsequent to the time of the offer."

By the above provision, it will be seen that the offer must be for the sum, &c., "with costs."

It is insisted, however, that under the offer thus made, the plaintiff, had he accepted it, would have been entitled to a judgment for costs, as well as the amount specified; and, hence, that the offer was in substantial compliance with the statute. Section 396, 2 R. S. p. 126, provides that, "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." A recovery in such case as the present, of five dollars or more, entitles the plaintiff to costs. *Id.* § 398.

There are cases, however, where a recovery of the amount offered in this case would not entitle the plaintiff to costs, as in actions for money demands on contract, unless the amount is reduced in the manner specified in § 397.

It is unnecessary for us to decide whether the plaintiff would have been entitled on the offer, had he accepted it, to a judgment for costs, as we are of opinion that the offer was insufficient, admitting that proposition to be correct.

There are cases where a party recovering judgment may

not be entitled to costs, as specified in §§ 397, 398; and perhaps other cases. Section 396, gives costs, except in those cases in which a different provision is made by law.

As the statute requires the offer, in terms, to embrace costs, the plaintiff is entitled to a compliance therewith, or he is not bound to accept or reject the offer at his peril. His acceptance of the offer must be unconditional, and he has a right to have the terms of it embrace the costs, and thereby settle all controversy that might .otherwise arise, as to whether the judgment, in the particular case, would or would not, as a matter of law, carry the costs. He looks to the terms of the offer for his right to take judgment for costs, and not to the law regulating his right in that respect. He is not bound, at his peril, to depend upon the law for his costs, when the statute prescribes that the offer shall embrace them, and thereby settle any controversy or legal disputation in reference to them.

We are of opinion that the ruling of the Court was correct, and must affirm the judgment.

*Per Curiam.*—The judgment is affirmed with costs.

*J. M. Wheeler, J. L. Knight,* and *D. M. Cox,* for the appellants.

*J. D. Conner* and *H. P. Biddle,* for the appellee.